[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11112

Non-Argument Calendar

_____

JAMES B. CROSBY,

Plaintiff-Appellant,

*versus*

STATE OF FLORIDA,
CITY OF JACKSONVILLE,

Defendants-Appellees,

CHANCEY METAL PRODUCTS,
ALL STATE STEEL,
SHAWN FITZGERALD,
KEN WILLIAMS,

MARK JONES,

Defendants.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cv-00067-MMH-LLL

————————————————

Before ROSENBAUM, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

James Crosby, proceeding *pro se*, appeals the district court's order dismissing his third amended civil complaint for failure to state a claim, and denying his motions for recusal of the district court judge. For the reasons set forth below, we conclude that Crosby has abandoned any challenge to the district court's rulings, and we affirm.

## I.    Background

In his third amended complaint,[1] Crosby alleged three claims under 42 U.S.C. § 1983 against the State of Florida and the

---

[1] A magistrate judge struck Crosby's initial complaint as an impermissible shotgun pleading, explained what Crosby needed to do to correct the deficiencies, and provided him with an opportunity to amend. Crosby

City of Jacksonville related to his alleged wrongful arrest and conviction[2] and continued harassment by law enforcement and others: (1) "discriminatory enforcement of vague/overbroad statutes and using illegal investigative tactics" (Count 1); (2) civil racketeering (Count 2); and (3) conspiracy to deprive him of his constitutional rights (Count 3). The City filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

As for Counts 1 and 3 against the City, the district court concluded that Crosby failed to state a claim upon which relief could be granted because he failed to allege that an official policy or custom of the City was the driving force behind the alleged constitutional violations or how the City was involved in the alleged violations. Similarly, it dismissed the counts against the State of Florida because the state was "not subject to suit under § 1983." As for Count 2, the district court held that Crosby's racketeering claim was barred by *Heck v. Humphrey*, 512 U.S. 487 (1994), because his allegations clearly sought to undermine the validity of his state conviction. The district court also held that, to the extent Crosby also sought reconsideration of its prior order denying Crosby's motion for recusal, there was "no basis for recusal" for the reasons stated previously, and it denied his request

thereafter filed a second amended complaint and then received permission to file a third amended complaint.

[2] According to the district court, Crosby was arrested in 2007 on an unspecified sex offense and convicted.

for reconsideration of the prior recusal ruling.[3]   This appeal followed.

## II.     Discussion

On appeal, Crosby simply asserts in a lengthy narrative that the state of Florida and the federal government have conspired to "frame men as child predators," which led to him "involuntarily plea[ding]" guilty to a crime when he is actually innocent.  He does not address any of the grounds on which the district court based its dismissal or explain how the district court erred in dismissing his claims or in denying his motions for recusal.  Nor does he cite any case law related to those matters.[4]   Indeed, Crosby explicitly disclaims any legal analysis, stating in the opening paragraph of his initial brief that "[t]his Brief will in no way be using law to prove the merits of his appeal as the law has been repeatedly ignored throughout the history of his case to unconstitutionally deny him justified relief."

---

[3] Crosby sought to recuse the district court judge on the basis that she refused to follow the law and was "actively engaged in the same racketeering scheme [that Crosby sought] to stop," as evidenced by the district court's denial of his motion for a preliminary injunction.  The district court denied relief explaining that disagreement with judicial rulings was not a basis for recusal.  Thereafter, Crosby filed a motion for reconsideration, which the district court addressed as part of its order on the motion to dismiss.

[4] Crosby's initial brief contains a single legal citation to *Reno v. American Civil Liberties Union*, 521 U.S. 844 (1997), which he contends supports his claim of actual innocence.

23-11112                Opinion of the Court                5

"While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted). We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *see also Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (explaining that, although we liberally construe *pro se* pleadings, the Court will not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action" (quotations omitted)).

By failing to provide supporting arguments and authority in his initial brief to challenge the district court's rulings on the motion to dismiss and his motions for recusal, Crosby abandoned those issues. *Sapuppo*, 739 F.3d at 681. To the extent that he addresses those issues in his reply brief and provides relevant legal authorities therein, "we do not address arguments raised for the first time in a *pro se* litigant's reply brief." *Timson*, 518 F.3d at 874; *Sapuppo*, 739 F.3d at 681 (explaining that arguments that appear for the first time in a reply brief "come too late" and are insufficient to preserve the issue for our review). Accordingly, because Crosby abandoned any challenge to the district court's rulings, we affirm.[5]

---

[5] Crosby requests that counsel be appointed in this appeal. Because he has abandoned any challenge to the district court's rulings, we deny his motion for appointment of counsel as moot. To the extent that he argues for the first

6                     Opinion of the Court                 23-11112

**AFFIRMED.**

---

time on appeal in his reply brief that the district court erred in denying his multiple motions for appointment of counsel below, as explained previously, "we do not address arguments raised for the first time in a *pro se* litigant's reply brief." *Timson*, 518 F.3d at 874.